UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10474-RGS

RASHAD BEY, *Ex-Rel* ANTHONY GUESS

v.

JUDGE DANIEL OMELLEY

ORDER

April 29, 2021

STEARNS, D.J.

State prisoner Rashad Bey, who is also known as Anthony Guess, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") and paid the filing fee. The Petition has not been served pending the court's review of the pleading. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (requiring a judge to dismiss a § 2254 petition if it "plainly appears" that the petitioner is not entitled to relief). For the reasons set forth below, the court will DENY the Petition without prejudice.

According to the Petition, Bey is "being falsely held in Norfolk county prison for an alleged crime that wasn't committed without a presentment or indictment of a grand jury." Pet. at 6. He further claims that the state is not

listening to his arguments and is violating his constitutional rights. y-secured rights. Bey states that he has not filed an appeal because "state courts don't have jurisdiction over [a] federal question."

The Court will abstain from exercising jurisdiction over this action to avoid interfering with a state criminal proceeding. "Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long

as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state criminal proceeding if it were to consider Bey's claim. The Court has no reason to believe that Bey will not have an opportunity to raise all pertinent issues of federal law within the state court system, whether in front of the trial court or on appeal.

## ORDER

In accordance with the foregoing, the Petition is DENIED without prejudice.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE